ALEXANDER REY, AND MARSHALL & Co., Plaintiffs in Error, *vs.* JAMES W. SIMPSON, Defendant in Error.

WRIT OF ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

The questions arising in this case are similar in all respects to those in the case of Allen Pierse against Irvine, Stone & McCormick, *supra*. Rey made his note and delivered it to Marshall & Co., who endorsed it for the purpose of guaranteeing its payment, and immediately re-delivered it to Rey, who delivered it before maturity to Simpson, the payee—Simpson relying only upon Marshall & Co.'s guaranty.

The Defendants, Marshall & Co., moved to strike out those portions of the Complaint charging them as guarantors, which motion was denied, and judgment was subsequently entered in favor of the Plaintiff for want of an Answer.

Points and authorities for Plaintiffs in Error:

*First.* The contract of the Defendants (Plaintiffs in Error) was that of endorser, and a contract of a different character cannot arise, and will not be implied in conflict with the written agreement. The Defendants being endorsers, they are endorsees of the Plaintiff, and not liable to him. 17 *Johns.,*

Rey and Marshall & Co. v. Simpson.

376; 1 *Jones' Penn.*, 46; 17 *Wend.*, 214; *Story on Promissory Notes, Sec.* 134, notes; 2 *Hill*, 80; *Story on Bills, Sec.* 215; 3 *Hill*, 233; 11 *Johns.*, 201; 7 *Hill*, 416; 1 *Phillips' Ev.*, 547; 19 *Wend.*, 202; 6 *Hill*, 219; 6 *Barbour*, 282; 1 *Johns. Ch. R.*, 429; 1 *Comstock*, 321; 4 *Selden*, 207; 1 *Spencer, N. J.*, 256; 2 *Comstock*, 553; 1 *Green.*, 331; 5 *Denio*, 484; 13 *Sm. & Mar.*, 617; *Rev. Stat.*, *p.* 268.

*Second.* The Complaint charges the Defendants as guarantors, and shows that the contract was contemporaneous with the inception of the note, and no construction of the authorities will charge them upon such fact otherwise than as original maker.

*Third.* In no view can the Defendants upon this Complaint be regarded except as endorsers, because, conceding that the written contract of the parties may be waived by a cotemporaneous parol agreement, facts are not stated in the pleadings from which the Court can infer the nature of the contract.

*Fourth.* The Complaint is double. If any contract besides that of endorsers is stated, it contains in the same count a contract of endorsement and of guaranty. They are distinct causes of action and should be separately stated. *Vide Rev. Stat.*, *p.* 340, *Sec.* 7; 2 *Code Rep.*, *p.* 145; 4 *H. R.*, 226; 5 ibid., 172; 7 *Barbour*, 80.

Points and authorities for Defendant in Error:

*First.* The Plaintiffs in Error, William R. Marshall and Joseph M. Marshall as parties to the promissory note described in the Complaint, became and assumed the legal liability of guarantors and sureties for the payment of the same. *See* 14 *Johnson's Rep.*, *p.* 349, *Campbell vs. Butter;* 1 *Hill's Rep.*, *p.* 91, *Labran & Ives, vs. Woram;* 13 *Johnson's Rep.*, *p.* 175, *Nelson vs. Dubois;* 9 *Mass. Rep.*, *p.* 313, *White vs. Howland;* 11 *Mass. Rep.*, 436, *Mores vs. Bird;* 2 *Comstock Rep.*, 225, *Brown vs. Curtis;* 7 *Mass. Rep.*, 232, *Ulen vs. Kitridge; Story on Promissory Notes, Secs.* 479 *and* 480, *and notes on page* 641, 3*d Ed.;* same, *p.* 630, *Secs.* 475 *and* 476, *and notes;* do., *Secs.* 477 *and* 479, *p.* 638.

*Second.* The endorsement of the promissory note by Marshall & Co. at the time of the making, and before delivery

thereof, was an original undertaking on their part to pay the same, or at least to guarantee the payment thereof. [In support of this point, see the authorities above cited.]

*Third.* The endorsement by Marshall & Co. having been made at the date of the note, and before delivery, for the express purpose of giving credit to the maker and enabling him to negotiate the same to the payee thereof, renders them primarily liable as original parties to the note. 6 *Conn. Rep.*, *p.* 315; 7 *Conn. Rep.*, *p.* 310; 11 *Conn. Rep.*, *p.* 440; 9 *Vermont Rep.*, *p.* 345; 12 *Vermont Rep.*, *p.* 219; 16 *Vermont Rep.*, *p.* 554; 17 *Vermont Rep.*, *p.* 285; 1 *N. Hamp. Rep.*, *p.* 385; 2 *McCord Rep.*, *p.* 388; 9 *Ohio Rep.*, *p.* 39; 13 *Ohio Rep.*, *p.* 328.

*Fourth.* The time and circumstances when and under which the note was made, endorsed and delivered, may be properly alleged and proved, to enable the Court to apply the law governing the same. See the authorities before cited, and 4*th Watts' Rep.*, *p.* 448; 9 *Ohio Rep.*, *p.* 39; 2 *McLean Rep. p.* 553.

*Fifth.* The decision and judgment below is well sustained by the law of the case. [See authorities before cited.]

Brisbin & Bigelow, Counsel for Plaintiffs in Error.

Ames & Van Etten, Counsel for Defendant in Error.

*By the Court*—Sherburne, J. This action is founded upon a promissory note made by one Alexander Rey on the 14th day of June, 1855, payable to James W. Simpson, the Defendant in Error, for the sum of $3517,08. Marshall & Co. endorsed their firm name on the back of the note before the delivery thereof to the payee; and it is alleged, substantially, in the Complaint, that they so endorsed the note for the purpose of becoming security with Rey, for the payment of the same to Simpson; that afterwards and before maturity, Rey delivered the same to Simpson for a valid consideration, and that Simpson took the same upon the credit of the firm name of Marshall & Co. It is also alleged that the note was duly protested for non-payment.

This is another of the cases which must follow that of *Allen*

Pierse, Plaintiff in Error, *vs.* Irvine, Stone & McCormick, decided at this term of the Court. The reasons given for the decision in that case, apply equally to this.

Judgment below affirmed.